**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TIM COHELEY,

    Plaintiff,                               CASE NO.: 8:19-CV-00185-JDW-CPT

-VS-

LENDER LEGAL SERVICES, LLC,
SELENE FINANCE, LP and NICK GERACI,

    Defendants.

_____/

**AMENDED COMPLAINT**
**AND DEMAND FOR TRIAL BY JURY**

      Plaintiff, TIM COHELEY (hereinafter "Mr. Coheley" or "Plaintiff") alleges violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA") and Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* ("FCCPA"), against Defendants, LENDER LEGAL SERVICES, LLC, SELENCE FINANCE, LP and NICK GERACI.

**INTRODUCTION**

      1.    The FDCPA was enacted as an amendment to the Consumer Credit Protection Act. Its purpose is to eliminate abusive debt collection practices by debt collectors.

      2.    The FCCPA was devised as a means of regulating the activities of consumer collection agencies within the state of Florida to combat a series of abuses in the area of debtor-creditor relations and to assist consumers experiencing debt harassment or abusive debt collection practices.

1

**JURISDICTION AND VENUE**

3.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for pendent state law claims.

4.      The alleged violations described herein occurred in Pasco County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

**COMMON FACTUAL ALLEGATIONS**

5.      Plaintiff is a natural person who was the borrower of the consumer loan at issue regarding real estate purchased with the borrowed funds in Pasco County, Florida.

6.      Defendant, Selene Finance, LP is a foreign limited partnership registered in the State of Florida and doing business throughout the State of Florida, including Pasco County, Florida (hereinafter "Selene Finance").

7.      Defendant, Lender Legal Services, LLC is a domestic limited liability company doing business throughout the State of Florida, including Pasco County, Florida (hereinafter "LLS").

8.      Defendant, Nick Geraci is a natural person doing business throughout the State of Florida, including Pasco County, Florida (hereinafter "Geraci").  Geraci is a collection lawyer employed by LLS and is the debt collector that prepared, signed and/or delivered  the Pay-Off Demand at issue in this lawsuit.

2

9.      Hereinafter Selene Finance, LLS and Geraci will collectively be referred to as Defendants and all references to any of the Defendants named herein shall also include any of Defendants' predecessors.

10.     All conditions precedents to this action have been fulfilled, waived or performed.

11.     On April 16, 2012, a mortgagee creditor filed a mortgage foreclosure law suit against Mr. Coheley in Paco County, Florida, Case No.: 12-CA-002688 for allegedly a default in mortgage payments (hereinafter "First Foreclosure Action").

12.     At the time of the First Foreclosure Action, Countrywide Home Loan Servicing, LP was allegedly the loan servicer for the foreclosing mortgagee creditor.

13.     LLS acted as counsel of record for the foreclosing mortgagee creditor in the First Foreclosure Action.

14.     On February 6, 2014, the First Foreclosure Action was dismissed by order of the state court.

15.     The foreclosing mortgagee creditor was not awarded any attorney's fees or costs in the First Foreclosure Action, nor did this creditor even file a motion to tax any such fees or costs.  In fact, the only award of any attorney's fees and costs was awarded to Mr. Coheley's defense counsel in the First Foreclosure Action.

16.     On May 14, 2015, a mortgagee creditor filed another mortgage foreclosure law suit against Mr. Coheley in Paco County, Florida, Case No.: 15-CA-1453 for allegedly a default in payment that was never cured since the filing of the First Foreclosure Action (hereinafter "Second Foreclosure Action").

17.     LLS again acted as counsel of record for the foreclosing mortgagee creditor in the Second Foreclosure Action and had actual knowledge of both the First Foreclosure Action, as well as the lack of any prior award of attorney's fees and costs regarding the First Foreclosure Action.

18.     At the time of the Second Foreclosure Action, Selene Finance was allegedly the loan servicer for the foreclosing mortgagee creditor with the mortgage loan at issue still in default since the First Foreclosure Action, and had actual knowledge of both the First Foreclosure Action, as well as the lack of any prior award of attorney's fees and costs regarding the First Foreclosure Action.

19.     On or about November 20, 2018, Defendants sent Plaintiff a pay-off demand (hereinafter "Pay-Off Demand").  A true and correct copy of the Pay-Off Demand is attached hereto as Exhibit "A" and its contents are incorporated by reference herein.

20.     Upon Information and belief, Selene Finance substantially participated in, and/or exercised extensive control over, the issuance of the Pay-Off Demand, as well as the language and figures contained therein.

## COUNT I
### (Mr. Coheley vs. Selene Finance)
### (Violation of the FDCPA)

21.     Mr. Coheley incorporates Paragraphs one (1) through twenty (20) above as if fully set forth herein.

22.     This is an action against Selene Finance for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

4

23.     The mortgage debt at issue in the First Foreclosure Action, Second Foreclosure Action and Pay-Off Demand is consumer debt within the meaning of the FDCPA. This so because it was a mortgage loan incurred to purchase Mr. Coheley's residential homestead real property and thereby created an obligation for Mr. Coheley to pay money arising out of a transaction in which the money, that is the subject of the mortgage loan transaction, is primarily for personal, family, or household purposes (hereinafter "Consumer Debt").

24.     Mr. Coheley is a natural person that was the borrower of, and obligated to pay, the Consumer Debt.

25.     Selene Finance is a debt collector within the meaning of the FDCPA. This is so because:

      a.   Selene Finance is a person that uses the U.S. Mail, correspondence, fax transmissions, email, lawsuits and other instrumentalities of interstate commerce in sending communications such as the Pay-Off Demand for the Consumer Debt; and

      b.   Selene Finance's principal business purpose is the collection of debts, as Selene Finance regularly sends collections letters and files collection lawsuits throughout the State of Florida in order to collect delinquent consumer debts for another person; and

      c.   Selene Finance regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as it did for the Consumer Debt on behalf of a third-party creditor, MTGLQ Investors, LP; and

      d.   Selene Finance is allegedly the loan servicer for the foreclosing mortgagee

creditor regarding the Consumer Debt that was already in default at the time that Selene Finance allegedly began servicing the Consumer Debt.

26.     The Pay-Off Demand is an attempt to collect the Consumer Debt.

27.     The Pay-Off Demand demands the payment of a total lump sum amount with no detailed breakdown or itemization of any particular charges in violation of the FDCPA.

28.     The Pay-Off Demand included attorney's fees and costs that were incurred in the First Foreclosure Action, but the Court in the First Foreclosure Action never awarded any such attorney's fees and costs, and the legal time frame to recover the same has long passed.  Therefore, the foreclosing mortgagee is not entitled to recover or include such attorney's fees and costs as part of the Consumer Debt nor the underlying promissory note, mortgage or at law.

29.      Even though the Pay-Off Response does not contain a line item for attorneys' fees and costs, or for any other charges or amounts for that matter, it is believed from the Pay-Off Demand that a very large amount of additional moneys or charges above and beyond just unpaid principal balance and interest is being sought.

30.     However, since the Pay-Off Demand was not properly broken down or itemized, Plaintiff has no way to know what amount is purportedly for legal vs. illegal attorney's fees or other charges and no way to properly access the validity or proper amounts of the Consumer Debt.

31.     Selene Finance had actual knowledge of the Pay-Off Demand not

properly breaking down or itemizing the Consumer Debt, as well seeking illegal attorney's because of their business records and the fact that no such attorney's fees and costs were sought or awarded in the First Foreclosure Action, yet still knowingly sent, or caused to be sent, the Pay-Off Demand.

32.     It is believed that such illegal amounts sought in the Pay-Off Demand are in excess of $20,000.00 and therefore material.

33.     The Pay-Off Demand is misleading because it gives a false impression of the character and/or amounts of the Consumer Debt.

34.     The Pay-Off Demand hides the true character and/or amounts of the Consumer Debt and/or impairs Plaintiff's ability to knowledgeably assess the validity of the Consumer Debt.

35.     The Pay-Off Demand is a false representation as to the correct legal amounts regarding the Consumer Debt and attempt to collect illegal attorney's fees and costs.

36.     The failure to breakdown and itemize the Consumer Debt is a *per se* violation of Florida Statutes §701.04(1)(a).

37.     As a result of Selene Finance's conduct as described in not itemizing and breaking down the Pay-Off Demand, attempting to collect illegal attorney's fees and costs in the Pay-Off Demand, as well as violating Florida Statutes §701.04(1)(a), Selene Finance has violated 15 U.S.C. §1692(e), 15 U.S.C. §1692(e)(2)(A)and(B) and 15 U.S.C. §1692(e)(10) which provides:

> *§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without*

*limiting the general application of the foregoing, the following conduct is a violation of this section:*

*(2) The false representation of—*
   *(A) the character, amount, or legal status of any debt; or*
   *(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.*

*(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

38.     As a result of Selene Finance's conduct as described in not itemizing and breaking down the Pay-Off Demand, attempting to collect illegal attorney's fees and costs in the Pay-Off Demand, as well as violating <u>Florida Statutes §</u>701.04(1)(a), Selene Finance has violated 15 U.S.C. §1692(f) and 15 U.S.C. §1692(f)(1) which provides:

*§1692(f)  A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

*(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

39.     As a result of Selene Finance's debt collection conduct as described herein, Mr. Coheley has been injured.

40.     Mr. Coheley is: (a) is entitled to collect his attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Florida Consumer Lawyers in this action; and (c) is obligated to pay the law firm of Florida Consumer Lawyers a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, Mr. Coheley, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief in law or equity that the Court deems just an appropriate under the circumstances.

### COUNT II
### (Mr. Coheley vs. Selene Finance)
### (Violation of the FCCPA)

40.     Mr. Coheley incorporates Paragraphs one (1) through twenty (20) above as if fully set forth herein.

41.     This is an action against Selene Finance for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

42.     The mortgage debt at issue in the First Foreclosure Action, Second Foreclosure Action and Pay-Off Demand is consumer debt within the meaning of the FCCPA. This so because it was a mortgage loan incurred to purchase Mr. Coheley's residential homestead real property and thereby created an obligation for Mr. Coheley  to pay money arising out of a transaction in which the money, that is the subject of the mortgage loan transaction  primarily for personal, family, or household purposes (hereinafter "Consumer Debt").

43.     Mr. Coheley is a natural person that was the borrower of and obligated to pay the Consumer Debt.

44.     Selene Finance is a person and debt collector within the meaning of the FCCPA.  This is so because:

a.   Selene Finance is a person that uses the U.S. Mail, correspondence, fax transmissions, email, lawsuits and other instrumentalities of interstate commerce in sending communications such as the Pay-Off Demand for the Consumer Debt; and

b.   Selene Finance's principal business purpose is the collection of debts, as Selene Finance regularly sends collections letters and files collection lawsuits throughout the State of Florida in order to collect delinquent consumer debts for another person; and

c.   Selene Finance regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as it did for the Consumer Debt on behalf of a third-party creditor, MTGLQ Investors, LP; and

d.   Selene Finance is allegedly the loan servicer for the foreclosing mortgagee creditor regarding the Consumer Debt that was already in default at the time that Selene Finance allegedly began servicing the Consumer Debt.

45.     The Pay-Off Demand is an attempt to collect the Consumer Debt.

46.     The Pay-Off Demand demands the payment of a total lump sum amount with no detailed breakdown or itemization of any particular charges in violation of the FCCPA.

47.     The Pay-Off Demand included attorney's fees and costs that were incurred in the First Foreclosure Action, but the Court in the First Foreclosure Action never awarded any such attorney's fees and costs, and the legal time frame to recover the same has long passed.  Therefore, the foreclosing mortgagee is not entitled to recover or include such

attorney's fees and costs as part of the Consumer Debt nor the underlying promissory note, mortgage or at law.

48.      Even though the Pay-Off Response does not contain a line item for attorneys' fees and costs, or for any other charges or amounts for that matter, it is believed from the Pay-Off Demand that a very large amount of additional moneys or charges above and beyond just unpaid principal balance and interest is being sought.

49.      However, since the Pay-Off Demand was not properly broken down or itemized, Plaintiff has no way to know what amount is purportedly for legal vs. illegal attorney's fees or other charges and no way to properly access the validity or proper amounts of the Consumer Debt.

50.      Selene Finance had actual knowledge of the Pay-Off Demand not properly breaking down or itemizing the Consumer Debt, as well seeking illegal attorney's fees and costs because of their business records and the fact that no such attorney's fees and costs were sought or awarded in the First Foreclosure Action, yet still knowingly sent, or caused to be sent, the Pay-Off Demand.

51.      It is believed that such illegal amounts sought in the Pay-Off Demand are in excess of $20,000.00 and therefore material.

52.      The Pay-Off Demand is misleading because it gives a false impression of the character and/or amounts of the Consumer Debt.

53.      The Pay-Off Demand hides the true character and/or amounts of the Consumer Debt and/or impairs Plaintiff's ability to knowledgeably assess the validity of the Consumer Debt.

54.     The Pay-Off Demand is a false representation as to the correct legal amounts regarding the Consumer Debt and attempt to collect illegal attorney's fees and costs.

55.     The failure to breakdown and itemize the Consumer Debt is a *per se* violation of Florida Statutes §701.04(1)(a).

56.     The Pay-Off Demand constitutes "communication" as defined by Florida Statutes, §559.55(2) because it conveyed information such as the alleged amounts owed for the Consumer Debt, who allegedly owed such Consumer Debt, to Mr. Coheley and/or his lawyer, both of which are persons and such "communication was in the form of U.S. Mail, correspondence, fax transmissions and/or email.

57.     As a result of Selene Finance's conduct as described in not itemizing and breaking down the Pay-Off Demand, attempting to collect illegal attorney's fees and costs in the Pay-Off Demand, as well as violating Florida Statutes §701.04(1)(a) and and the FDCPA as alleged in Count I herein, Selene Finance has violated Florida Statutes, §559.72(7) which provides:

> *...... willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.*

58.     As a result of Selene Finance's conduct as described in not itemizing and breaking down the Pay-Off Demand, attempting to collect illegal attorney's fees and costs in the Pay-Off Demand, as well as violating Florida Statutes §701.04(1)(a) and the FDCPA as alleged in Count I herein, Selene Finance has violated Florida Statutes, §559.72(9) which provides:

> "C*laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.*"

59.    As a result of Selene Finance's debt collection conduct as described herein, Mr. Coheley has been injured.

60.    Mr. Coheley is: (a) is entitled to collect his attorney's fees and costs pursuant to the <u>Florida Statutes</u>, §559.77(2); (b) has retained the law firm of Florida Consumer Lawyers in this action; and (c) is obligated to pay the law firm of Florida Consumer Lawyers a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, Mr. Coheley, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

### <u>COUNT III</u>
### (Mr. Coheley vs. LLS)
### (Violation of the FDCPA)

61.    Mr. Coheley incorporates Paragraphs one (1) through twenty (20) above as if fully set forth herein.

62.    This is an action against LLS for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

63.     The mortgage debt at issue in the First Foreclosure Action, Second Foreclosure Action and Pay-Off Demand is consumer debt within the meaning of the FDCPA. This so because it was a mortgage loan incurred to purchase Mr. Coheley's residential homestead real property and thereby created an obligation for Mr. Coheley to pay money arising out of a transaction in which the money, that is the subject of the mortgage loan transaction primarily for personal, family, or household purposes (hereinafter "Consumer Debt").

64.     Mr. Coheley is a natural person that was the borrower of and obligated to pay the Consumer Debt.

65.     LLS is a debt collector within the meaning of the FDCPA.  This is so because:

a.   LLS is a person that uses the U.S. Mail, correspondence, fax transmissions, email, lawsuits and other instrumentalities of interstate commerce in sending communications such as the Pay-Off Demand for the Consumer Debt; and

b.   LLS's principal business purpose is the collection of debts, as LLS regularly sends collections letters and files collection lawsuits throughout the State of Florida in order to collect delinquent consumer debts for another person; and

c.   LLS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as it did for the Consumer Debt on behalf of a third-party creditor, MTGLQ Investors, LP.

66.     The Pay-Off Demand is an attempt to collect the Consumer Debt.

67.     The Pay-Off Demand demands the payment of a total lump sum amount with no detailed breakdown or itemization of any particular charges in violation of the FDCPA.

68.     The Pay-Off Demand included attorney's fees and costs that were incurred in the First Foreclosure Action, but the Court in the First Foreclosure Action never awarded any such attorney's fees and costs, and the legal time frame to recover the same has long passed.   Therefore, the foreclosing mortgagee is not entitled to recover or include such attorney's fees and costs as part of the Consumer Debt nor the underlying promissory note, mortgage or at law.

69.      Even though the Pay-Off Response does not contain a line item for attorneys' fees and costs, or for any other charges or amounts for that matter, it is believed from the Pay-Off Demand that a very large amount of additional moneys or charges above and beyond just unpaid principal balance and interest is being sought.

70.     However, since the Pay-Off Demand was not properly broken down or itemized, Plaintiff has no way to know what amount is purportedly for legal vs. illegal attorney's fees or other charges and no way to properly access the validity or proper amounts of the Consumer Debt.

71.     LLS had actual knowledge of the Pay-Off Demand not properly breaking down or itemizing the Consumer Debt, as well seeking illegal attorney's because of their business records and the fact that LLS acted as counsel of record for the foreclosing mortgagee creditor in the First and Second Foreclosure Action and had actual knowledge of both, as well as the lack of any prior award of attorney's fees and costs regarding the

First Foreclosure Action yet still knowingly sent, or caused to be sent, the Pay-Off Demand.

72.     It is believed that such illegal amounts sought in the Pay-Off Demand are in excess of $20,000.00 and therefore material.

73.     The Pay-Off Demand is misleading because it gives a false impression of the character and/or amounts of the Consumer Debt.

74.     The Pay-Off Demand hides the true character and/or amounts of the Consumer Debt and/or impairs Plaintiff's ability to knowledgeably assess the validity of the Consumer Debt.

75.     The Pay-Off Demand is a false representation as to the correct legal amounts regarding the Consumer Debt and attempt to collect illegal attorney's fees and costs.

76.     The failure to breakdown and itemize the Consumer Debt is a *per se* violation of Florida Statutes §701.04(1)(a).

77.     As a result of LLS's conduct as described in not itemizing and breaking down the Pay-Off Demand, attempting to collect illegal attorney's fees and costs in the Pay-Off Demand, as well as violating Florida Statutes §701.04(1)(a), LLS has violated 15 U.S.C. §1692(e), 15 U.S.C. §1692(e)(2)(A)and(B) and 15 U.S.C. §1692(e)(10) which provides:

> *§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>
> *(2) The false representation of—*
>   *(A) the character, amount, or legal status of any debt; or*

> *(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.*

> *(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

78.    As a result of LLS's conduct as described in not itemizing and breaking down the Pay-Off Demand, attempting to collect illegal attorney's fees and costs in the Pay-Off Demand, as well as violating Florida Statutes §701.04(1)(a), LLS has violated 15 U.S.C. §1692(f) and 15 U.S.C. §1692(f)(1) which provides:

> *§1692(f)   A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

> *(2) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

79.    As a result of LLS's debt collection conduct as described herein, Mr. Coheley has been injured.

80.    Mr. Coheley is: (a) is entitled to collect his attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Florida Consumer Lawyers in this action; and (c) is obligated to pay the law firm of Florida Consumer Lawyers a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, Mr. Coheley, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and

further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT IV
**(Mr. Coheley vs. LLS)**
**(Violation of the FCCPA)**

81.     Mr. Coheley incorporates Paragraphs one (1) through (20) above as if fully set forth herein.

82.     This is an action against LLS for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

83.     The mortgage debt at issue in the First Foreclosure Action, Second Foreclosure Action and Pay-Off Demand is consumer debt within the meaning of the FCCPA. This so because it was a mortgage loan incurred to purchase Mr. Coheley's residential homestead real property and thereby created an obligation for Mr. Coheley to pay money arising out of a transaction in which the money, that is the subject of the mortgage loan transaction primarily for personal, family, or household purposes (hereinafter "Consumer Debt").

84.     Mr. Coheley is a natural person that was the borrower of and obligated to pay the Consumer Debt.

85.     LLS is a person and debt collector within the meaning of the FCCPA. This is so because:

      a.   LLS is a person that uses the U.S. Mail, correspondence, fax transmissions,

email, lawsuits and other instrumentalities of interstate commerce in sending communications such as the Pay-Off Demand for the Consumer Debt; and

      b.   LLS's principal business purpose is the collection of debts, as LLS regularly sends collections letters and files collection lawsuits throughout the State of Florida in order to collect delinquent consumer debts for another person; and

      c.   LLS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as it did for the Consumer Debt on behalf of a third-party creditor, MTGLQ Investors, LP.

86.     The Pay-Off Demand is an attempt to collect the Consumer Debt.

87.     The Pay-Off Demand demands the payment of a total lump sum amount with no detailed breakdown or itemization of any particular charges in violation of the FCCPA.

88.     The Pay-Off Demand included attorney's fees and costs that were incurred in the First Foreclosure Action, but the Court in the First Foreclosure Action never awarded any such attorney's fees and costs, and the legal time frame to recover the same has long passed.  Therefore, the foreclosing mortgagee is not entitled to recover or include such attorney's fees and costs as part of the Consumer Debt nor the underlying promissory note, mortgage or at law.

89.     Even though the Pay-Off Response does not contain a line item for attorneys' fees and costs, or for any other charges or amounts for that matter, it is cbelieved from the Pay-Off Demand that a very large amount of additional moneys or charges above and beyond just unpaid principal balance and interest is being sought.

90.     However, since the Pay-Off Demand was not properly broken down or itemized, Plaintiff has no way to know what amount is purportedly for legal vs. illegal attorney's fees or other charges and no way to properly access the validity or proper amounts of the Consumer Debt.

91.     LLS had actual knowledge of the Pay-Off Demand not properly breaking down or itemizing the Consumer Debt, as well seeking illegal attorney's because of their business records and the fact that LLS acted as counsel of record for the foreclosing mortgagee creditor in the First and Second Foreclosure Action and had actual knowledge of both, as well as the lack of any prior award of attorney's fees and costs regarding the First Foreclosure Action yet still knowingly sent, or caused to be sent, the Pay-Off Demand.

92.     It is believed that such illegal amounts sought in the Pay-Off Demand are in excess of $20,000.00 and therefore material.

93.     The Pay-Off Demand is misleading because it gives a false impression of the character and/or amounts of the Consumer Debt.

94.     The Pay-Off Demand hides the true character and/or amounts of the Consumer Debt and/or impairs Plaintiff's ability to knowledgeably assess the validity of the Consumer Debt.

95.     The Pay-Off Demand is a false representation as to the correct legal amounts regarding the Consumer Debt and attempt to collect illegal attorney's fees and costs.

96.     The failure to breakdown and itemize the Consumer Debt is a *per se* violation of <u>Florida Statutes §</u>701.04(1)(a).

97. The Pay-Off Demand constitutes "communication" as defined by <u>Florida Statutes</u>, §559.55(2) because it conveyed information such as the alleged amounts owed for the Consumer Debt, who allegedly owed such Consumer Debt, to Mr. Coheley and/or his lawyer, both of which are persons and such "communication" was in the form of U.S. Mail, correspondence, fax transmissions and/or email.

98. As a result of LLS's conduct as described in not itemizing and breaking down the Pay-Off Demand, attempting to collect illegal attorney's fees and costs in the Pay-Off Demand, as well as violating <u>Florida Statutes</u> §701.04(1)(a) and the FDCPA as alleged in Count III herein, LLS has violated <u>Florida Statutes</u>, §559.72(7) which provides:

> *…… willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.*

99. As a result of Selene Finance's conduct as described in not itemizing and breaking down the Pay-Off Demand, attempting to collect illegal attorney's fees and costs in the Pay-Off Demand, as well as violating <u>Florida Statutes</u> §701.04(1)(a) and the FDCPA as alleged in Count III herein, LLS has violated <u>Florida Statutes</u>, §559.72(9) which provides:

> *"C*laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist."*

100. As a result of LLS's debt collection conduct as described herein, Mr. Coheley has been injured.

101. Mr. Coheley is: (a) is entitled to collect his attorney's fees and costs pursuant to the <u>Florida Statutes</u>, §559.77(2); (b) has retained the law firm of Florida

Consumer Lawyers in this action; and (c) is obligated to pay the law firm of Florida Consumer Lawyers a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, Mr. Coheley, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

**COUNT V**
**(Mr. Coheley vs. Geraci)**
**(Violation of the FDCPA)**

102.    Mr. Coheley incorporates Paragraphs one (1) through twenty (20) above as if fully set forth herein.

103.    This is an action against Geraci for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

104.    The mortgage debt at issue in the First Foreclosure Action, Second Foreclosure Action and Pay-Off Demand is consumer debt within the meaning of the FDCPA. This so because it was a mortgage loan incurred to purchase Mr. Coheley's residential homestead real property and thereby created an obligation for Mr. Coheley to pay money arising out of a transaction in which the money, that is the subject of the mortgage loan transaction primarily for personal, family, or household purposes (hereinafter "Consumer Debt").

105.    Mr. Coheley is a natural person that was the borrower of and obligated to pay the Consumer Debt.

106.    Geraci is a debt collector within the meaning of the FDCPA.  This is so because:

a.    Geraci is a person that uses the U.S. Mail, correspondence, fax transmissions, email, lawsuits and other instrumentalities of interstate commerce in sending communications such as the Pay-Off Demand for the Consumer Debt; and

b.    Geraci's principal business purpose is the collection of debts, as Geraci regularly sends collections letters and files collection lawsuits throughout the State of Florida in order to collect delinquent consumer debts for another person; and

c.    Geraci regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as it did for the Consumer Debt on behalf of a third-party creditor, MTGLQ Investors, LP.

107.    The Pay-Off Demand is an attempt to collect the Consumer Debt.

108.    The Pay-Off Demand demands the payment of a total lump sum amount with no detailed breakdown or itemization of any particular charges in violation of the FDCPA.

109.    The Pay-Off Demand included attorney's fees and costs that were incurred in the First Foreclosure Action, but the Court in the First Foreclosure Action never awarded any such attorney's fees and costs, and the legal time frame to recover the same has long passed.  Therefore, the foreclosing mortgagee is not entitled to recover or include such

attorney's fees and costs as part of the Consumer Debt nor the underlying promissory note, mortgage or at law.

110.     Even though the Pay-Off Response does not contain a line item for attorneys' fees and costs, or for any other charges or amounts for that matter, it is believed from the Pay-Off Demand that a very large amount of additional moneys or charges above and beyond just unpaid principal balance and interest is being sought.

111.     However, since the Pay-Off Demand was not properly broken down or itemized, Plaintiff has no way to know what amount is purportedly for legal vs. illegal attorney's fees or other charges and no way to properly access the validity or proper amounts of the Consumer Debt.

112.     Geraci had actual knowledge of the Pay-Off Demand not properly breaking down or itemizing the Consumer Debt, as well seeking illegal attorney's because of the available business records and the fact that Geraci's law firm acted as counsel of record for the foreclosing mortgagee creditor in the First and Second Foreclosure Action and had actual knowledge of both, as well as the lack of any prior award of attorney's fees and costs regarding the First Foreclosure Action yet still knowingly sent, or caused to be sent, the Pay-Off Demand.

113.     It is believed that such illegal amounts sought in the Pay-Off Demand are in excess of $20,000.00 and therefore material.

114.     The Pay-Off Demand is misleading because it gives a false impression of the character and/or amounts of the Consumer Debt.

115.     The Pay-Off Demand hides the true character and/or amounts of the

Consumer Debt and/or impairs Plaintiff's ability to knowledgeably assess the validity of the Consumer Debt.

116.    The Pay-Off Demand is a false representation as to the correct legal amounts regarding the Consumer Debt and attempt to collect illegal attorney's fees and costs.

117.    The failure to breakdown and itemize the Consumer Debt is a *per se* violation of Florida Statutes §701.04(1)(a).

118.    As a result of Geraci's conduct as described in not itemizing and breaking down the Pay-Off Demand, attempting to collect illegal attorney's fees and costs in the Pay-Off Demand, as well as violating Florida Statutes §701.04(1)(a), Geraci has violated 15 U.S.C. §1692(e), 15 U.S.C. §1692(e)(2)(A)and(B) and 15 U.S.C. §1692(e)(10) which provides:

> *§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>
> *(2) The false representation of—*
> *(A) the character, amount, or legal status of any debt; or*
> *(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.*
>
> *(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

119.    As a result of Geraci's conduct as described in not itemizing and breaking down the Pay-Off Demand, attempting to collect illegal attorney's fees and costs in the Pay-Off Demand, as well as violating Florida Statutes §701.04(1)(a), Geraci has violated 15 U.S.C. §1692(f) and 15 U.S.C. §1692(f)(1) which provides:

> *§1692(f)* *A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>
> *(3) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

120.   As a result of Geraci's debt collection conduct as described herein, Mr. Coheley has been injured.

121.   Mr. Coheley: is (a) is entitled to collect his attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Florida Consumer Lawyers in this action; and (c) is obligated to pay the law firm of Florida Consumer Lawyers a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, Mr. Coheley, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief in law or equity that the Court deems just an appropriate under the circumstances.

### COUNT IV
**(Mr. Coheley vs. Geraci)**
**(Violation of the FCCPA)**

122.   Mr. Coheley incorporates paragraphs one (1) through twenty (20) above as if fully set forth herein.

123.   This is an action against Geraci for violations of Florida's Consumer

Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

124.    The mortgage debt at issue in the First Foreclosure Action, Second Foreclosure Action and Pay-Off Demand is consumer debt within the meaning of the FCCPA. This so because it was a mortgage loan incurred to purchase Mr. Coheley's residential homestead real property and thereby created an obligation for Mr. Coheley to pay money arising out of a transaction in which the money, that is the subject of the mortgage loan transaction primarily for personal, family, or household purposes (hereinafter "Consumer Debt").

125.    Mr. Coheley is a natural person that was the borrower of and obligated to pay the Consumer Debt.

126.    Geraci is a person and debt collector within the meaning of the FCCPA. This is so because:

    a.   Geraci is a person that uses the U.S. Mail, correspondence, fax transmissions, email, lawsuits and other instrumentalities of interstate commerce in sending communications such as the Pay-Off Demand for the Consumer Debt; and

    b.   Geraci's principal business purpose is the collection of debts, as Geraci regularly sends collections letters and files collection lawsuits throughout the State of Florida in order to collect delinquent consumer debts for another person; and

    c.   Geraci regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as it did for the Consumer Debt on behalf of a third-party creditor, MTGLQ Investors, LP.

127.    The Pay-Off Demand is an attempt to collect the Consumer Debt.

128.    The Pay-Off Demand demands the payment of a total lump sum amount with no detailed breakdown or itemization of any particular charges in violation of the FCCPA.

129.    The Pay-Off Demand included attorney's fees and costs that were incurred in the First Foreclosure Action, but the Court in the First Foreclosure Action never awarded any such attorney's fees and costs, and the legal time frame to recover the same has long passed.  Therefore, the foreclosing mortgagee is not entitled to recover or include such attorney's fees and costs as part of the Consumer Debt nor the underlying promissory note, mortgage or at law.

130.    Even though the Pay-Off Response does not contain a line item for attorneys' fees and costs, or for any other charges or amounts for that matter, it is believed from the Pay-Off Demand that a very large amount of additional moneys or charges above and beyond just unpaid principal balance and interest is being sought.

131.    However, since the Pay-Off Demand was not properly broken down or itemized, Plaintiff has no way to know what amount is purportedly for legal vs. illegal attorney's fees or other charges and no way to properly access the validity or proper amounts of the Consumer Debt.

132.    Geraci had actual knowledge of the Pay-Off Demand not properly breaking down or itemizing the Consumer Debt, as well seeking illegal attorney's because of the available business records and the fact that Geraci's law firm acted as counsel of record for the foreclosing mortgagee creditor in the First and Second Foreclosure Action and had

actual knowledge of both, as well as the lack of any prior award of attorney's fees and costs regarding the First Foreclosure Action yet still knowingly sent, or caused to be sent, the Pay-Off Demand.

133.    It is believed that such illegal amounts sought in the Pay-Off Demand are in excess of $20,000.00 and therefore material.

134.    The Pay-Off Demand is misleading because it gives a false impression of the character and/or amounts of the Consumer Debt.

135.    The Pay-Off Demand hides the true character and/or amounts of the Consumer Debt and/or impairs Plaintiff's ability to knowledgeably assess the validity of the Consumer Debt.

136.    The Pay-Off Demand is a false representation as to the correct legal amounts regarding the Consumer Debt and attempt to collect illegal attorney's fees and costs.

137.    The failure to breakdown and itemize the Consumer Debt is a *per se* violation of Florida Statutes §701.04(1)(a).

138.    The Pay-Off Demand constitutes "communication" as defined by Florida Statutes, §559.55(2) because it conveyed information such as the alleged amounts owed for the Consumer Debt, who allegedly owed such Consumer Debt, to Mr. Coheley and/or his lawyer, both of which are persons and such "communication" was in the form of U.S. Mail, correspondence, fax transmissions and/or email.

139.    As a result of Geraci's conduct as described in not itemizing and breaking

down the Pay-Off Demand, attempting to collect illegal attorney's fees and costs in the Pay-Off Demand, as well as violating Florida Statutes §701.04(1)(a) and the FDCPA as alleged in Count V herein, Geraci has violated Florida Statutes, §559.72(7) which provides:

> …… willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

140.    As a result of Geraci's conduct as described in not itemizing and breaking down the Pay-Off Demand, attempting to collect illegal attorney's fees and costs in the Pay-Off Demand, as well as violating Florida Statutes §701.04(1)(a) and the FDCPA as alleged in Count V herein, LLS has violated Florida Statutes, §559.72(9) which provides:

> "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist."

141.    As a result of Geraci's debt collection conduct as described herein, Mr. Coheley has been injured.

142.    Mr. Coheley: is (a) is entitled to collect his attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Florida Consumer Lawyers in this action; and (c) is obligated to pay the law firm of Florida Consumer Lawyers a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, Mr. Coheley, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii)

a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

FLORIDA CONSUMER LAWYERS

By: / s / Scott Stamatakis
Scott D. Stamatakis, Esquire
Florida Bar No.:178454
Melissa Thalji, Esquire
Florida Bar No.: 174467
FLORIDA CONSUMER LAWYERS
P.O. Box 341499
Tampa, Florida 33694
(813) 282-9330 (telephone)
(813) 282-8648 (facsimile)
Notice of Primary Email: Service@FloridaCL.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 10, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: / s / Scott D. Stamatakis
Scott D. Stamatakis, Esquire
Florida Bar No.:178454
FLORIDA CONSUMER LAWYERS
P.O. Box 341499
Tampa, Florida 33694
(813) 282-9330 (telephone)
(813) 282-8648 (facsimile)
Notice of Primary Email: Service@FloridaCL.com
Counsel for Plaintiff

31

# EXHIBIT A

## LENDER LEGAL SERVICES, LLC
201 East Pine Street, Suite 730
Orlando, Florida 32801
407-730-4644

November 20, 2018

Tim Coheley
c/o Stamatakis + Thalji + Bonanno
P.O. Box 341499
Tampa, FL 33694
service@myinjuryc.om

> Re:   Reinstatement and Payoff
> 2015-CA-001453-CAAX-WS
> **Wilmington Saving Fund Society, FSB, *et seq. v. Tim Coheley, et al.***

Dear Tim Coheley,

This communication is being sent to you pursuant to your request. The reinstatement amount, good through December 31, 2018 is $120,127.84. The payoff amount, good through December 31, 2018 is $217,359.47. These amounts may not include any amounts that may be due and owing after an escrow analysis for outstanding taxes and insurance is completed.

**Please be advised that fees, costs and funds can accrue, and/or be advanced at any time, which could change the amount due. Therefore, you must contact customer service at (877) 735-3637 immediately prior to tendering funds to verify the correct amount to submit.**

The law firm Lender Legal Services, LLC has been hired by Selene Finance LP ("Debt Collector") to collect on a debt on behalf of entity entitled to enforce the Note and Mortgage. If a Federal Bankruptcy action has been filed and a discharge has been entered, no deficiency or personal judgment will be sought, and an *In Rem* Judgment will be entered against you as the real property title owners.

Pursuant to 15 U.S.C. § 1692g(a) the following written notice is given to you:

1) As of the date of this letter, the amount required to cure this delinquency is $120,127.84. Please be advised that fees, costs and funds can accrue, and/or be advanced at any time, which could change the amount due. Therefore, you must contact customer service at (877) 735-3637 immediately prior to tendering funds to verify the correct amount to submit.

2) The name of the creditor to whom the debt is owed is **MTGLQ Investors, LP.**

3) Unless, within thirty (30) days of receipt of this notice, you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Debt Collector.

Page 1 of 2
This is an attempt to collect a debt and any information obtained will be used for that purpose

4) If you notify me in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, I will obtain and mail to you the verification of the debt or copy of the judgment.

5) Upon your written request within the thirty-day period; the Debt Collector will provide you with the name and address of the original creditor, if different from the current creditor.

Written requests pursuant to this notice should be addressed to:

**Nick Geraci, Esq.**
**Lender Legal Services, LLC**
**201 East Pine Street, Suite 730**
**Orlando, Florida 32801**

Respectfully,

/s/ Nick Geraci, Esq.

This is an attempt to collect a debt and any information obtained will be used for that purpose